No. 847

NOLL v. PECK & DALEY, Receivers of the Parrish-Poole Co.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5761. Decided May 25, 1925

Judges Mauck, Sayre, and Middleton, 4th Dist., sitting.

147. BILLS AND NOTES—Under 8121 GC. parol evidence is admissible to show that delivery of note was conditional and that it was not to become operative until the happening of a certain event.

MIDDLETON, J.

The answer and cross petition of Ed. A. Noll, in the Cuyahoga Common Pleas, allege that the note, on which this action is predicated, was given for a special purpose, namely, to be transferred to The Kilbourne Company, in settlement of its claim, so as to prevent said Company from foreclosing its lien upon the property of The Parrish-Poole Company, and that said note should be used for no other purpose. The specific allegations of the pleading in this behalf are:

"and would then transfer to the said Kilbourne Company the notes and collateral so given by the said North and Noll, the cash so given by the said Parish, and certain other cash sums which it would have available, and by these means make a settlement with the said Kilbourne Company so as to prevent the foreclosure proceedings which were threatened."

And again:

"It was further expressly agreed among all of the said parties that the notes to be given by the said North and Noll, and the cash to be given by said Parish should be used for no purpose whatever except to be transferred to the said Kilbourne Co. for the purposes aforesaid."

The pleading further alleged that said note "was never used for the purpose for which it was given," it now being in the hands of the representative of the original holder. Judgment in the Common Pleas was rendered in favor of the receivers. Error was prosecuted and the Court of Appeals held:

1. Under the provisions of 8121 GC., we are of the opinion that the foregoing facts tend to show a conditional delivery, or a delivery for a special purpose, and therefore, stated a defense.

2. We are further of the opinion that such delivery or purpose may be shown by parol evidence.

3. "Under the provisions of Section 8121 GC., parol evidence may be received to show that the delivery of a promissory note was conditional, and that the note was not to become operative except upon the happening of a certain event." Shive v. Merville, 1 OA. 33.

4. It follows from the conclusions noted that the trial court erred in refusing to admit evidence offered by Noll and in withdrawing from the consideration of the jury evidence which had been admitted, and in directing a verdict for the receivers. Judgment reversed and cause remanded.

Attorneys—Doerfler & Kornhauser for Noll; Ulmer & Berne for Peck and Daley; all of Cleveland.

---

**THE DIFFERENCE**

Between being a subscriber and reader of the Ohio Law Abstract, and not being, may often be the difference between winning and losing a case. The Abstract is a real protection to the lawyer who takes it and reads it promptly every week.